DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ANDREW DAWSON (CABN 264421)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, CA 94102-3495
    Telephone: (415) 436-7019
    Facsimile: (415) 436-7234
    E-mail: andrew.dawson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-564 WHO |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| GRIGOR FRENKYAN, | Sentencing Date: March 26, 2020 |
| Defendant. | Time: 1:30 p.m. |

## I.     INTRODUCTION

The federal government has taken dramatic steps to ensure that the nation's supply of prescription medication is safe. Through statutory enactments like the Prescription Drug Marketing Act and the Drug Supply Chain Supply Act, Congress established a variety of safeguards designed to further this goal. Among a number of requirements, Congress required that prescription drug wholesale distributors be licensed by the state in which they operate, which in turns subjects those distributors to further supervision by state regulators. These requirements help deter the development of a black market for prescription drugs, in which medications of unknown provenance and efficacy are sold as legitimate, highly regulated medications. Defendant Frenkyan conspired with others to evade these

requirements, and he knowingly injected prescription drugs of unknown origin into the stream of commerce. While the specific transactions here were controlled by the FBI, such conduct more broadly places unsuspecting patients—an extremely vulnerable group of victims—at risk of unknowingly taking ineffective or incorrect medication. The government therefore recommends a sentence of 3 years probation with 9 months' electronic monitoring.

## II.     FACTS

Defendant Frenkyan's role in the conspiracy was as a supplier/co-conspirator to co-defendant Karapetyan. Frenkyan was associated with two instances of unlicensed wholesale distribution of prescription drugs, which included name-brand prescription medications such as Abilify, Creon, Latuda, and Viibrid. PSR ¶ 16. These medications were shipped to an address in the Northern District of California at the request of a FBI source. The same source had a series of recorded conversations with Karapetyan, including some in which defendant Frenkyan was recording discussing the state of the unlicensed prescription drug market. *Id.* ¶ 17. To total value of the drugs that were shipped is approximately $50,000.

## III.    SENTENCING GUIDELINES

The government concurs with Probation's calculation of the Guidelines. The government agrees that the Total Offense Level is 10, with a Criminal History Category of I, yielding a range of 6-12 months.

## IV.     SENTENCING FACTORS UNDER SECTION 3553(a)

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, deter others from committing similar crimes, protect the public from the defendant, and rehabilitate the defendant. 18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The statute sets forth several factors that the Court must consider in determining a just sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *Carty*, 520 F.3d at 991. The Guidelines should be the starting point and the initial benchmark. *Gall v. United*

*States*, 552 U.S. 38, 49 (2007).  Though the guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007).

## V. SENTENCING RECOMMENDATION

The government concurs that a Guidelines range of 6-12 months is appropriate, and that the Guidelines contemplate that such a sentence could be satisfied by a probationary sentence with a term of home confinement.  The government agrees that a probationary sentence is appropriate in light of the medical conditions identified in the PSR, but respectfully disagrees with the 6 month term of location monitoring proposed by the Probation Office.  Instead, the government recommends a condition of 9 months' location monitoring.  In the government's view, Mr. Frenkyan is more culpable that co-defendant Vaysberg, who was not tied to any ongoing distribution of prescription drugs.  While Mr. Vaysberg's sentence required only 6 months' location monitoring, the government believes a slightly longer period—9 months—of monitoring is appropriate for Mr. Frenkyan.

DATED: March 19, 2020                             Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

          /s/
ANDREW F. DAWSON
Assistant United States Attorney